IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.     ) Criminal No. 1:17-CR-10066-IT<br>)<br>F. RIVERA-RODRIGUEZ, a/k/a     )<br>JOSE ANTONIO LUGO-GUERRERO, ET. AL. ) | |

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

The United States respectfully requests the Court issue the attached protective order to protect against the dissemination of discovery concerning cooperating defendants likely to testify at trial. The government submits that the protective order is necessary to assure the safety of the cooperating defendants. As grounds for this motion, the government states as follows:

The trial in this matter is scheduled to commence on September 10, 2018, and the Local Rules require the disclosure of certain materials concerning two anticipated cooperating defendants. See, i.e. Local Rule 116.2(b)(2). Both of the cooperating defendants have expressed fear that the disclosure of their cooperation will put their safety at risk. Based on the evidence uncovered during trial, that fear is well-founded, as the evidence showed one or more of the defendants used firearms, violence, and threats of violence during the course of their conduct. Accordingly, the government requests that the Court issue an order restricting the use of the discovery material for the limited purpose of enabling each of the defendants to prepare for trial. Federal Rule of Criminal Procedure 16(d) and Local Rule 116.

WHEREFORE, the United States respectfully requests that the Court issue a Protective Order requiring no disclosure of the discovery except pursuant to the terms of the Order. Consistent with the terms of the Order, the discovery may be disclosed by counsel of record in

this case so long as such disclosures are made for the sole purpose of preparing for trial in the pending case. Such disclosures may be made by counsel of record for a defendant in the case to: (a) the defendant represented by that counsel of record; (b) other counsel of record in the pending case; (c) a counsel of record's partners, associates, paralegals, designated defense investigators, and stenographic employees involved in the defense of this case; (d) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in the case; and (e) other persons, but only pursuant to order of the Court based upon a showing of particularized need.

      A proposed Order is attached. Pursuant to Local Rule 7.1(A)(2), the undersigned counsel certifies that he has distributed via email on July 20, 2018 a draft of the motion and proposed order to counsel for the three defendants remaining for trial. Counsel for Isis Lugo-Guerrero does not object to the issuance of the requested order. Counsel for the other two defendants have not responded.

                                                                Respectfully submitted,

                                                                ANDREW E. LELLING
                                                                UNITED STATES ATTORNEY

                                    By:    */s/ Theodore B. Heinrich*
                                                         Theodore B. Heinrich
                                                         Assistant U.S. Attorney

Dated: July 23, 2018

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:17-CR-10066-IT |
| | ) |
| F. RIVERA-RODRIGUEZ, a/k/a | ) |
| JOSE ANTONIO LUGO-GUERRERO | |

**ORDER**

This matter comes before the Court on the government's motion for a Protective Order. The Court FINDS that there is good cause to grant the motion. Accordingly, it is hereby ORDERED that:

The disclosure of discovery materials concerning the cooperating defendants to counsel are governed by this Order, which requires no disclosure of the discovery except pursuant to the terms of the Order. The discovery may be disclosed by counsel of record in this case so long as such disclosures are made for the sole purpose of preparing for trial in the pending case. Such disclosures may be made by counsel of record for a defendant in the case to: (a) the defendant represented by that counsel of record; (b) other counsel of record in the pending case; (c) a counsel of record's partners, associates, paralegals, designated defense investigators, and stenographic employees involved in the defense of this case; (d) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in the case; and (e) other persons, but only pursuant to order of the Court based upon a showing of particularized need.

_____
HON. INDIRA TALWANI
UNITED STATES DISTRICT JUDGE
Dated: _____ DISTRICT OF MASSACHUSETTS