UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 1:17-cr-10066-IT-5 |
| | * | |
| JOSE CAMACHO, | * | |
| | * | |
| Defendant. | * | |

ORDER

June 2, 2020

TALWANI, D.J.

Pending before the court is Defendant Jose Camacho's Motion for Sentence Reduction [#547], asking the court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

On March 12, 2018, Camacho pleaded guilty to one count of conspiring to distribute 500 grams or more of cocaine and 100 grams or more of heroin, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) and (ii), as charged in the First Superseding Indictment [#203]. See Plea Agreement [#349]; Elec. Clerk Notes [#348]. The government also filed an Information to Establish Prior Conviction [#344] pursuant to 21 U.S.C. § 851 establishing Camacho's conviction in 2010 for violations of 21 U.S.C. §§ 846 and 841(a)(1). As a result, based on the quantity of drugs and his prior conviction, Camacho was subject to a "a term of imprisonment which may not be less than 10 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(B). On December 14, 2018, the court sentenced Defendant to 10 years imprisonment followed by eight years of supervised release. Judgment [#522]; Statement of Reasons [#523].

Defendant has now moved, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in sentence on the basis of Amendment 782 to the Sentencing Guidelines. The amendment

generated a two-level reduction of most drug quantity base offense levels. United States v. Alejandro-Montanez, 778 F.3d 352, 362 (1st Cir. 2015); USSG App. C Supp., amend. 782 (2014).

Under 18 U.S.C. § 3582(c)(2), the court may modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ." (emphasis added). See also USSG § 1B1.10(a)(1) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual," the court may reduce the defendant's term of imprisonment) (emphasis added). Amendment 782 "became immediately effective for defendants sentenced on or after November 1, 2014." Alejandro-Montanez, 778 F.3d at 362 n.9; see also USSG App. C Supp., amend. 782 (2014). Therefore, as the amendment was not put in place "subsequent" to Camacho's sentence, the court may not reduce Defendant's sentence on this basis.

Furthermore, even if the amendment went into effect after Defendant's sentencing, Defendant would not be entitled to a reduction in sentence because he was sentenced based on the mandatory minimum required by statute. Where a defendant is subject to a statutory mandatory minimum sentence, the subsequent passage of a retroactive guideline amendment cannot form the basis of a reduced sentence. United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994).

Finally, even if Defendant was not subject to a mandatory minimum sentence required by statute, Defendant has no claim here where Amendment 782 has already been taken into account. The Presentence Report calculated Defendant's offense level using "[t]he 2018 Guidelines

Manual, incorporating all guideline amendments." Presentence Report ¶ 152.

Accordingly, Defendant's <u>Motion for Sentence Reduction</u> [#547] is DENIED.

IT IS SO ORDERED.

June 2, 2020 /s/ Indira Talwani
United States District Judge