UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:17-cr-10066-IT |
| | * | |
| JOSE CAMACHO, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

August 9, 2024

TALWANI, D.J.

Pending before the court is Defendant Jose Camacho's Motion for Compassionate Release [#708], asking the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. On March 12, 2018, Camacho pleaded guilty to one count of conspiring to distribute 500 grams or more of cocaine and 100 grams or more of heroin, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i)–(ii), as charged in the First Superseding Indictment [#203]. See Plea Agreement [#349]; Elec. Clerk Notes [#348]. On December 14, 2018, the court sentenced Defendant to ten years imprisonment followed by eight years of supervised release. Judgment [#522]; Statement of Reasons [#523].

18 U.S.C. § 3582(c)(1)(A) permits a court to downward modify a defendant's sentence where the defendant has exhausted his administrative remedies[1] and where the court finds that "extraordinary and compelling reasons warrant such a reduction." "[A] qualifying reason must be a reason that is beyond the mine-run either in fact or in degree" and "must be . . . both

---

[1] The statute provides that a motion can only be brought "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Where Camacho states that he has exhausted his remedies, Def. Mot. 14 [#708], the court treats this requirement as having been met for purposes of this order.

powerful and convincing." United States v. Canales-Ramos, 19 F.4th 561, 566–67 (1st Cir. 2021). Even sentencing errors, "though perhaps extraordinary," do not necessarily meet the statutory threshold. See id. at 568. Here, Camacho has shown no error in his sentencing calculation, nor has he shown any other extraordinary or compelling justification for a reduction in his sentence.

    A.    *Drug Weight Calculation*

Camacho argues that the converted drug weight upon which his sentence was based was not charged in the First Superseding Indictment [#203] and improperly increased his mandatory minimum sentence. Def. Mot. 27 [#708]. The Indictment charged Camacho with conspiracy to distribute and possess with intent to distribute heroin, fentanyl, and cocaine, where the conspiracy involved one kilogram or more of heroin, 400 grams of more of fentanyl, and five kilograms or more of cocaine, with 100 grams or more of heroin and 500 grams or more of cocaine being reasonably foreseeable to Camacho. Under 21 U.S.C. §§ 841(b)(1)(B)(1) and (ii), in a case involving 100 grams or more of a mixture or substance containing a detectable amount of heroin or 500 grams or more of a mixture containing a detectable amount of cocaine, "[i]f any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment" (emphasis added).

The government filed an Information to Establish Prior Conviction [#344] pursuant to 21 U.S.C. § 851 establishing Camacho's conviction in 2010 for violations of 21 U.S.C. §§ 846 and 841(a)(1). As a result, based on the foreseeable quantity of drugs charged in the superseding indictment, his plea to that charge, and his prior conviction, Camacho was subject to a "a term of

imprisonment which may not be less than 10 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(B).

In his Plea Agreement, Camacho conceded that his crime involved "at least 3 kilograms of cocaine" and "at least 500 grams of heroin," which equaled 1,100 kilograms of converted drug weight. Plea Agreement at 2 [#349]. These amounts were also set out in the Presentence Report, see ¶¶ 154–55, to which Camacho filed no objection. But Camacho received no additional penalty for those drug quantities. Instead, the ten-year minimum mandatory to which Camacho was sentenced was based on the foreseeable drug quantities set forth in the First Superseding Indictment, as admitted by Camacho at his plea colloquy, plus the enhancement arising from Camacho's previous serious drug felony. Statement of Reasons [#523]. Based on those factors and pursuant to 21 U.S.C. § 841(b)(1)(B), Camacho's minimum mandatory sentence was, and remains, ten years.

B.   *Prior Serious Drug Felony*

Camacho also argues that a conspiracy charge is no longer considered an enhancing offense under the sentencing guidelines, and that enhancement for Camacho's previous serious drug felony was therefore improper. Def. Mot. 16–24 [#708]. But Camacho was previously convicted for both a conspiracy charge and a possession charge, see Information [#344]. The possession charge remains a "serious drug felony" requiring the imposition of a higher minimum mandatory sentence under 21 U.S.C. § 841.

C.   *Rehabilitation Efforts*

Camacho next argues that his rehabilitation efforts justify a reduction in his sentence because they show he is no longer a danger to the community. Camacho appears to be applying the framework from a different subsection of the statute to argue that he is not "a danger to the

safety of any other person or the community" and therefore his release is justified, see 18 U.S.C. § 3582(c)(1)(A)(ii). That section applies to a defendant who is at least 70 years of age and has served a sentence of at least 30 years in prison, but Camacho is neither that old nor facing a sentence of that length. Camacho's good behavior, while commendable, does not rise to the "extraordinary" level contemplated by subsection (i) of the statute.

      D.    *Disparities Between Similarly Situated Defendants*

Finally, Camacho argues that his sentence should be reduced in order to avoid unwarranted sentencing disparities between similarly situated defendants following the passage of the First Step Act of 2018. But there is no cognizable unwarranted sentencing disparity here, where Camacho was sentenced to the mandatory minimum sentence.

For the foregoing reasons, Camacho's Motion is DENIED.

IT IS SO ORDERED

August 9, 2024                                                        /s/     Indira Talwani
                                                                                      United States District Judge